IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MONTROSE P. FORD,

    Plaintiff,

vs.                                  Civil Action 2:11-CV-1139
                                        Judge Sargus
                                        Magistrate Judge King

CAROLYN W. COLVIN, Commissioner
of Social Security,

    Defendant.

**OPINION AND ORDER**

    This action seeks review of the administrative decision denying plaintiff's applications for disability insurance benefits and supplemental security income. On January 30, 2013, the United States Magistrate Judge recommended that the decision of the Commissioner of Social Security be reversed and that the action be remanded for further consideration of plaintiff's mental impairments. *Report and Recommendation*, Doc. No. 13. This matter is now before the Court on the Commissioner's objections to that recommendation. *Defendant's Objections to the Magistrate Judge's Report and* Recommendation (*"Commissioner's Objections"*), Doc. No. 14. The Court will consider the matter *de novo*. See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

    In a decision dated January 11, 2011, the administrative law judge found that plaintiff's severe impairments consist of degenerative disc disease, covertebral arthritis, degenerative joint disease of the spine, post-traumatic stress disorder, depression, schizoaffective disorder, bipolar disorder, narcissistic personality

disorder, and a history of poly-substance abuse. *PAGEID* 49. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") for medium exertion and work that involves only simple, routine, repetitive activities in an environment that allows for limited interaction with others. *PAGEID* 51, 53. Plaintiff would also be limited to carrying out tasks in situations where his duties are relatively static and changes are explained to him and where the tasks assigned will not require independent prioritization or more than daily planning. *Id*. Although this RFC precluded plaintiff's past relevant work, the administrative law judge relied on the testimony of the vocational expert to find that plaintiff is able to perform a significant number of jobs in the national economy. *PAGEID* 58-59. Accordingly, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act. *PAGEID* 59.

In reaching this conclusion, the administrative law judge relied on the assessment rendered by the state agency psychologist Todd Finnerty, Psy.D., five years earlier:

> The undersigned gives great weight to the State agency psychological consultant mental residual functional capacity assessment. The record greatly supports this assessment in that there is nothing in the record that contradicts the assessment. Further, the assessment takes into account the claimant's allegations as to his aversion to those other than his family, his alleged mood swings, and his difficulties in remembering, concentrating and focusing.

2

*PAGEID* 57. Dr. Finnerty reviewed the record in January 2006 and concluded that plaintiff could "function in an environment [that] allows for limited interaction with others," but that he had moderate difficulty in maintaining social functioning and in concentration, persistence, or pace; he also had mild restrictions in his activities of daily living. *PAGEID* 351, 363. According to Dr. Finnerty, plaintiff would be limited to carrying out tasks in situations where duties are relatively static and changes can be explained and where the tasks involved do not require independent prioritization or more than daily planning. *PAGEID* 351.

The Commissioner argues that, because the administrative law judge relied on Dr. Finnerty's opinion in forming the RFC assessment, his opinion is supported by substantial evidence. *Commissioner's Objections*, pp. 2-5. The Commissioner also argues that the Magistrate Judge "ignore[d] the fact that the Agency made every effort to gather an updated assessment [of] Plaintiff's functional limitations," but was unsuccessful because of plaintiff's failure to complete an updated function report. *Id.* at p. 2. In recommending that this action be reversed and remanded, the Magistrate Judge rejected the Commissioner's arguments and found that the administrative law judge erred in relying on the opinion of the state agency psychologist, because it was not made with "the benefit of the substantial evidence generated after the date of th[e] assessment." *Report and Recommendation*, pp. 10-11. This Court agrees with that determination.

3

First, the Magistrate Judge noted the Commissioner's efforts to assess plaintiff's functional limitations, but concluded that the administrative law judge did "not appear . . . [to] rel[y] on this failure in resolving plaintiff's claim." *Id.* Second, it is not apparent that the administrative law judge considered all the relevant evidence in making plaintiff's RFC determination. As noted by the Magistrate Judge, the "administrative law judge provided no express evaluation of the reports or findings of other treating mental health providers, such as Dr. Guirgis, who in 2008 and 2009 assigned extremely low GAF scores to plaintiff." *Report and Recommendation*, p. 10. Finally, Dr. Finnerty's January 2006 opinion was rendered five years prior to the administrative law judge's January 2011 decision and it was made without the benefit of the substantial medical evidence in the record that was generated after Dr. Finnerty reviewed the record and rendered his assessment. Given the volume of that medical evidence, *see PAGEID* 367-567, the Commissioner should have requested additional review or the assistance of a mental health expert. This Court therefore concludes that the administrative law judge's RFC assessment, which was based on Dr. Finnerty's out-dated and incomplete assessment, is therefore not supported by substantial evidence. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001) ("Substantial evidence is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

4

The Court has carefully considered the Commissioner's objections, as well as the entire record in this action. For the foregoing reasons and for the reasons articulated in the *Report and Recommendation*, the Court concludes that those objections are without merit.

*Commissioner's Objections*, Doc. No. 14, are **OVERRULED**. The *Report and Recommendation*, Doc. No. 13, is **ADOPTED AND AFFIRMED**. The decision of the Commissioner of Social Security is **REVERSED**. This action is **REMANDED** to the Commissioner for further consideration of plaintiff's mental impairments.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

2-28-2013
Date

Edmund A. Sargus, Jr.
United States District Judge