```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**MONTROSE P. FORD,**

       Plaintiff,

  vs.                                Civil Action 2:11-CV-1139
                                            Judge Sargus
                                            Magistrate Judge King

**COMMISSIONER OF SOCIAL
SECURITY,**

       Defendant.


## ORDER AND
## REPORT AND RECOMMENDATION

     This action sought review of the administrative decision denying plaintiff's application for disability insurance benefits and supplemental security income.  On February 28, 2013, this action was remanded to the Commissioner for further consideration of plaintiff's mental impairments.  *Opinion and Order*, Doc. No. 16.  On June 25, 2013, plaintiff was awarded fees, costs, and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $5,000.  *Order*, Doc. No. 21.  Upon remand, plaintiff obtained a favorable decision and an award of benefits.

     This matter is now before the Court on plaintiff's application for an award of attorney's fees under 42 U.S.C. § 406(b)(1).  Doc. No. 22.  Upon unopposed motion, the Court previously stayed proceedings on plaintiff's motion until October 31, 2014.  *Order*, Doc. No. 24.  Plaintiff has filed a motion to lift the stay and has offered

additional support for his application for attorney's fees. Doc. No. 25. Plaintiff's motion to lift the stay is **GRANTED**.

Plaintiff's motion for fees seeks an award of $11,332.35 for 41.75 hours of work performed in this case. The Commissioner does not oppose the request; according to the Commissioner, plaintiff's request for an award of $11,332.35 in attorney's fees "represents an hourly fee of $271.43 for the 41.75 hours of work performed in this case and is a reasonable fee." Doc. No. 26., p. 1.

By statute, a court must award "a reasonable fee . . . not in excess of 25 per cent of the total past-due benefits." 42 U.S.C. § 406(b). A fee award should reflect the purpose of the social security program to provide a measure of economic security to the recipient, the extent and type of legal services provided, the complexity of the case, the level of skill and competence required of the attorney, the amount of time spent on the case, the results achieved, and the level at which the favorable decision was made. 20 C.F.R. §§ 404.925(b); 416.1525(b). A fee agreement between a recipient and his or her counsel "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). Deductions are permissible when there is improper conduct or ineffectiveness of counsel or when counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or minimal effort expended in the matter. *Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 421 (6th Cir. 1990). "[A] hypothetical hourly rate that is less than twice the standard rate is *per se*

reasonable." *Id*. at 422. In the final analysis, an award must be "reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Upon consideration of all the appropriate factors, the Court concludes that the requested fee is reasonable. It is far less than 25% of the past-due benefits, plaintiff has signed a contingency fee, the requested fee does not reflect a rate of compensation more than twice the standard rate and it cannot be said that plaintiff's counsel was ineffective or expended minimal effort in the case.

Upon consideration, the Court determines that an award of $11,332.35 is a reasonable fee. It is therefore **RECOMMENDED** that the Court award plaintiff's counsel an attorney's fee of $11,332.35, or twenty-five percent (25%) of the past due benefits, whichever is less.

At plaintiff's request, and to prevent double-recovery, *see Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989), it is **RECOMMENDED** that plaintiff's counsel be ordered to refund to plaintiff his previous award of $5,000 in attorney's fees under the Equal Access to Justice Act, and, upon doing so, make a formal representation of such on the record.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections

must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

October 30, 2014                                *s/Norah McCann King*
                                                 Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge

4